990 F.2d 1255
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William B. BASSETT, Plaintiff-Appellant,
v.
Charles HASTINGS, Yavapai County Attorney; Buck Buchanon,
Yavapai County Sheriff; Robert Carson, Captain,
Yavapai County Sheriff's Office,
Defendants-Appellees.
 No. 92-16167.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1993.*
Decided March 24, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William Bassett, an Arizona state prisoner, appeals pro se the district court's summary judgment in Bassett's 42 U.S.C. § 1983 action against Yavapai County officials. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and we affirm.
 
 
 3
 * Background
 
 
 4
 Bassett filed a civil rights action against county officials in their official capacities, alleging they violated his-constitutional right of access to the courts. Bassett alleged that, while held in the Yavapai County jail as a pre-trial detainee, he was not provided access to a law library or to certain Arizona revised statutes. Bassett sought compensatory damages and an injunction requiring the county to establish a law library at the jail and to guarantee inmates possession of revised Arizona statutes.
 
 
 5
 The county officials moved for summary judgment on the grounds that they had not violated Bassett's rights and that Bassett lacked standing to sue for equitable relief. In support, the county officials furnished an affidavit stating that Bassett was represented by court-appointed counsel while being held at the jail. Bassett opposed the motion on the ground that he needed access to a law library and reference material so that he could assist his court-appointed counsel. The district court granted the summary judgment motion and dismissed Bassett's action. Bassett timely appeals.
 
 II
 Access to the Courts
 
 6
 Bassett contends the district court erred by granting summary judgment because the county officials violated his right to meaningful access to the courts when they denied him access to a law library and certain reference material, even though he was represented by court-appointed counsel. This contention lacks merit.
 
 
 7
 Summary judgment is proper where there is no genuine issue of a material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In cases where the non-moving party bears the burden of proof at trial with respect to a material fact, the party opposing the motion is required to "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.' " Celotex, 477 U.S. at 324 (quoting Fed.R.Civ.P. 56(e)). Conclusory allegations unsupported by factual data are insufficient to defeat a summary judgment motion. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989).
 
 
 8
 Prison authorities must provide inmates with "meaningful access" to the courts. Bounds v. Smith, 430 U.S. 817, 822 (1977). This same right is guaranteed to pre-trial detainees. See Leeds v. Watson, 630 F.2d 674, 675-76 (9th Cir.1980). Meaningful access requires prison authorities to provide "adequate law libraries or adequate assistance from persons trained in the law." Bounds, 430 U.S. at 828. The state has the option of deciding whether to provide legal assistance or access to a law library. See Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir.1981). "Availability of legal assistance at government expense ... is a constitutionally permissible means of access." United States v. Wilson, 690 F.2d 1267, 1271 (9th Cir.1982), cert. denied, 464 U.S. 867 (1983). When an inmate is provided adequate access, he or she may not reject the method of access provided and insist on a method of access of his or her choosing. Id. Accord Martin v. Tyson, 845 F.2d 1451, 1456 (7th Cir.) (no denial of meaningful access to courts where jail did not provide access to a law library to inmate who was represented by counsel), cert. denied, 488 U.S. 863 (1988).
 
 
 9
 Here, although the Yavapai County jail did not have a law library, Bassett received the legal assistance of a court-appointed attorney. County officials provided evidence that Bassett's access to his counsel was unrestricted. In response to the summary judgment motion, Bassett alleged for the first time that he had charges pending in Maricopa County for which he did not have representation. Nevertheless, Bassett's mere allegation, without more, was insufficient to withstand the county officials' properly supported summary judgment motion. See Taylor, 880 F.2d at 1045. Accordingly, the district court properly granted summary judgment on Bassett's access to the courts claim. See Wilson, 690 F.2d at 1271.
 
 III
 Equitable Relief
 
 10
 Bassett contends the district court erred by granting summary judgment on his claim for equitable relief. This contention lacks merit.
 
 
 11
 To be entitled to injunctive relief, a plaintiff must show that the legal remedy is inadequate and that he or she is in danger of sustaining substantial and immediate irreparable injury. City of Los Angeles v. Lyons, 461 U.S. 95, 103 (1983). A showing of past injury is insufficient; there must be a "real and immediate threat of repeated injury." O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974).
 
 
 12
 Here, Bassett was no longer an inmate at the Yavapai County jail when he filed his complaint. He has failed to show that the Yavapai County jail's policy on law library access would likely cause him to sustain substantial and immediate injury. Accordingly, the district court properly granted summary judgment on Bassett's claim for injunctive relief. See id.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3